IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| NATALIE GAYLE ETTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:25-CV-04146-BCW ) |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, CHILDREN'S DIVISION, et al. | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is Plaintiff Natalie Gayle Etter's Motion to Proceed In Forma Pauperis. (Doc. #1). The Court, being duly advised of the premises, and consistent with Magistrate Judge Willie J. Epps, Jr.'s Report and Recommendation after an independent review of the record, denies Plaintiff's motion.

On June 27, 2025, Plaintiff filed a motion to proceed in forma pauperis in this Court, along with an affidavit of financial status and proposed complaint against the Missouri Department of Social Services Children's Division, the Greene County Sheriff's Department, the Cole County Sheriff's Department, the Camden County Sheriff's Department, Missouri Family Court – 19th Judicial Circuit, and the Michael Prenger Family Center.[1] Plaintiff's proposed complaint seeks a writ of mandamus against these Defendants relating to the July 2024 removal of Plaintiff's minor children from her care.

This case was previously assigned to Magistrate Judge Epps; however, on July 7, 2025, Plaintiff filed notice opting out of the Magistrate Judge assignment. (Doc. #4) Plaintiff's case was

---

[1] Plaintiff's proposed complaint names the Pringer Family Justice Center, which the Court construes as the Michael Prenger Family Center, a juvenile center located in Cole County, Missouri.

1

transferred to this Court, along with Plaintiff's pending motion to proceed in forma pauperis and Judge Epps' Report and Recommendation on the motion. (Docs. #2, #3).

The Court, within its discretion, may authorize the commencement of a civil action without prepayment of fees if the plaintiff files an affidavit of financial status demonstrating an inability to incur the costs of the suit without becoming completely destitute. 28 U.S.C. § 1915(a)(1); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court should only grant a motion to proceed without prepayment of fees if it finds the case is not: (a) frivolous; (b) malicious; (c) insufficient under Fed. R. Civ. P. 12(b)(6); or (d) seeking monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The Court, having reviewed Plaintiff's affidavit of financial status (Doc. #1-1), finds Plaintiff qualifies for in forma pauperis status based on economic need. However, the Court may only grant Plaintiff's motion to proceed in forma pauperis if the proposed complaint is not otherwise barred. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Here, the Court denies Plaintiff's motion to proceed in forma pauperis because Plaintiff's allegations are insufficient under Fed. R. Civ. P. 12(b)(6) and/or seeks relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(iii).

First, the Greene, Cole, and Camden County Sheriff's Officers are not legal entities subject to suit. De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst., 18 F. App'x 436, 437 (8th Cir. 2001); Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

Second, the Missouri Department of Social Services, Children's Division, is immune from suit under the Eleventh Amendment. Webb v. City of Maplewood, 889 F.3d 483, 485 (8th Cir. 2018); Tex. Cmty. Bank, N.A. v. State of Mo. Dep't of Social Servs., 232 F.3d 942, 943 (8th Cir. 2000) (Missouri Department of Social Services entitled to sovereign immunity as agency of the

State). Similarly, the Missouri Family Court – 19th Judicial Circuit is also an entity of Missouri entitled to immunity under the Eleventh Amendment. Harmon v. Preferred Fam. Healthcare, Inc., 125 F.4th 874, 881 (8th Cir. 2025).

Finally, Plaintiff's proposed complaint is devoid of any factual allegations against the Michael Prenger Family Center from which liability might be reasonably inferred. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Based on the foregoing, and even broadly construing Plaintiff's factual allegations in light of her pro se status, the Court may not grant Plaintiff leave to proceed in forma pauperis under § 1915. Id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, it is hereby

ORDERED Plaintiff Natalie Gayle Etter's Motion to Proceed In Forma Pauperis (Doc. #1) is DENIED. It is further

ORDERED Magistrate Judge Epps' Report and Recommendation (Doc. #2) shall be attached to and made part of this Order.

IT IS SO ORDERED.

Dated: October 21, 2025         /s/ Brian C. Wimes
                                JUDGE BRIAN C. WIMES
                                UNITED STATES DISTRICT COURT